SNOW, Respondent, v. BIRNEY, Appellant.

(201 N. W. 700.)

(File No. 5315.　Opinion filed December 31, 1924.)

**Mortgages—Appeal and Error—Evidence—Deeds—Evidence Held to Warrant Cancellation of Warranty Deed, Given Merely as Indemnity.**

In action to have canceled warranty deed to defendant's testator, evidence held sufficient to support finding that deed was given to indemnify grantee against loss as surety, and to warrant decree for cancellation.

Appeal from Circuit Court, Aurora County; Hon. Frank B. Smith, Judge.

Action by Matilda A. Snow against Emma H. Birney, impleaded with others. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

*T. G. McDermott,* of Mason City, Iowa, and *Donald Fellows,* of Plankinton, for Appellant.

*R. C. Bakewell,* of Plankinton, for Respondent.

DILLON, J. The findings of fact and conclusions of the court may be summarized as follows:

(1) That prior to the 8th day of February, 1897, the plaintiff, Matilda A. Snow, was the owner in fee simple of the property in dispute, and on said day the plaintiff executed and delivered to one C. C. Birney a warranty deed to said property, which deed was received by him solely to indemnify him against any loss or damage which he might sustain or suffer by reason of an obligation of suretyship which had been entered into by the said C. C. Birney, in connection with his signature as surety on a bond given by plaintiff, to enable her to obtain a permit to keep and sell intoxicating liquor in her drug store.

(2) That at the time of the delivery of said deed, nor at any time thereafter, was it ever the mutual intention of the plaintiff and the said C. C. Birney that the deed from plaintiff to said Birney should operate as an absolute sale or transfer of said land, and that the plaintiff never received any consideration therefor.

(3) That the plaintiff was in possession of said real estate at the time of the execution and delivery of such warranty deed

on January 8, 1897, and that she continued to remain in possession through various tenants, and collected and received rents therefrom continuously and for the entire period from and after the execution of said deed until the date of trial, and that during all of such time neither the said C. C. Birney nor any person claiming under or through him ever collected any of the rents or profits therefrom.

(4) That the occupancy and possession by the plaintiff of the said real estate has been under claim and color of title, made in good faith and adversely to all other claimants, and has covered a period of more than 20 years next preceding the commencement of this action, and that none of the defendants, nor their ancestors, predecessors, or immediate grantors, has been seized or possessed of said premises or any part thereof within 20 years next preceding the commencement of this action. That during all of such time the said real estate has been cultivated in the usual manner, and has been protected by a substantial enclosure.

(5) That the said C. C. Birney, grantee aforesaid, paid the taxes on said real estate for the year 1896, but that the plaintiff paid all taxes on said real estate between and including the years 1897 and 1919.

(6) That the said C. C. Birney did not record the warranty deed executed and delivered to him by the plaintiff during his lifetime, but that after his death, which occurred on or about the 1st day of December, 1916, his personal representatives did, on the 26th day of February, 1917, cause the said deed to be recorded.

Findings Nos. 7, 8, 9, and 10 disclose the heirs and legatees, the probating in Cerro Gordo county, Iowa, the appointment of the executors, and the making of certain quit-claim deeds of the land to some of the appellants.

(11) That the plaintiff, Matilda A. Snow, is the owner in fee simple of said hereinbefore described real estate and every part thereof.

From the foregoing facts as found by the court, the court concludes as a matter of law:

(1) That the warranty deed executed by Matilda A. Snow, dated February 8, 1897, to C. C. Birney, is null and void, and of

no effect as a transfer of the real estate herein described, and the plaintiff is entitled to a judgment canceling the same of record.

(2) That the occupancy and possession by the plaintiff of such real estate has been adverse to C. C. Birney and the defendants.

(3) That by the failure of the appellants to assert any title to the property in question for 20 years, or to cultivate or occupy the same for the said period of 20 years, that they are effectually barred by the statute of limitations.

Decree was entered against defendants; new trial denied. This appeal is from such decree and order denying new trial.

In 1892 Leroy A. Snow acquired title to the land in dispute. Before his death, in 1896, he deeded the same to his wife, the plaintiff herein, and in February, 1897, plaintiff deeded the west half of the land to her brother, C. C. Birney. This deed, which is the subject of controversy here, was not recorded until February, 1917, some four months after C. C. Birney's death.

Respondent's contention in brief is that the deed from her to Birney was not intended as a conveyance, but merely to secure the grantee against loss in signing her bond as a liquor dealer under the Iowa Mulct Law, and that Dr. C. C. Birney had declared his intention of returning or destroying the instrument.

Appellants contend that the land was purchased and paid for by Birney; that he allowed the title to be held, first, by Leroy A. Snow, and later by respondent, taking a deed to himself which he withheld from record; that plaintiff, during C. C. Birney's lifetime, frequently acknowledged the latter's title; and that her tenure of the land was under and in subordination to the legal title held by Birney and his heirs.

It is undisputed that since 1896 plaintiff (respondent here) has been in possession of the land through her tenants; that during said time she had collected the rents, and from 1897 to 1919, inclusive, has paid the taxes.

The appellants contend that the evidence is insufficient to support the decision. We think the appellants' contention is without merit. A full examination of the evidence satisfies us that the findings of the court are in every respect fully sustained by the

evidence. We fail to find any error in the record, and believe that a just decision has been reached by the court.

The judgment appealed from and the order denying a new trial are affirmed.